Filed 6/3/14  P. v. Manchego CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD MANCHEGO,<br><br>    Defendant and Appellant. | D065785<br><br><br><br>(Super. Ct. No. INF061919) |

APPEAL from a judgment of the Superior Court of Riverside, Richard A. Erwood, Judge.  Affirmed.

David L. Polsky, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Richard Manchego of second degree murder (Pen. Code,[1] § 187, subd. (a)). The jury also found that Manchego intentionally discharged a firearm causing death or great bodily injury in the commission of the murder (§ 12022.53, subd. (d)). The court sentenced Manchego to a total term of 40 years to life.

Manchego appeals contending the trial court committed instructional error by failing, sua sponte, to instruct on the lesser included offense of involuntary manslaughter. We find there was no substantial evidence to justify such instruction and thus reject Manchego's contention.

STATEMENT OF FACTS

In 2008, Manchego was in a dating relationship with Lidia Estrada. On May 8, 2008, Estrada got into a telephone confrontation with Jorge Pozos, the brother of Estrada's ex-boyfriend. The confrontation upset Manchego and he set out to drive to Pozos's house to fight with him.

At about 7:00 p.m. Estrada sent a text to her former boyfriend advising that Manchego and Jorge Pozos were going to fight "right now." Meanwhile, Manchego had driven to Jorge Pozos's apartment in Palm Springs. Manchego had a .40 caliber semiautomatic pistol under the driver's seat of the vehicle.

When Manchego arrived where Pozos lived, he immediately got out of his vehicle and left the gun in the car. Pozos had been waiting for him and the fight began almost immediately. Pozos beat Manchego rather severely delivering many blows. Ultimately he was persuaded to let Manchego up. As Pozos backed away he told Manchego he was

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

crazy to think he was "going to come down in my neighborhood and try to kick my ass." As Manchego got up and moved to his car he responded: "You're right homie. You're right homie. But there's one thing, just one thing." Manchego then went to his car and obtained the pistol from under the driver's seat.

Pozos yelled, "He has a gun." Pozos and others ran toward some palm trees, at which time Manchego opened fire. Pozos was not hit by the initial volley. After hiding behind a tree, Pozos stepped out and said, "What the heck, you can't even shoot a gun?" or "I kicked your ass, and you can't even shoot a gun." Manchego fired again and this time hit Pozos in the neck, fatally wounding him. Manchego got into his car and sped away.

## DISCUSSION

With the consent of the parties, the trial court instructed the jury regarding first and second degree murder and voluntary manslaughter. The jury received verdict forms on each offense. There was no request for an instruction on involuntary manslaughter. At the conclusion of the trial the jury found Manchego guilty of second degree murder and found that he intentionally used a firearm causing death.

Manchego now contends the trial court had a duty on these facts to instruct on principles of involuntary manslaughter, even in the absence of a request for such instruction. We disagree.

### A. Standard of Review

Trial courts have a duty, even in the absence of a request, to instruct juries in criminal cases in those principles of law necessary to assist them in understanding the

3

cases.  (*People v. Moye* (2009) 47 Cal.4th 537, 548; *People v. Breverman* (1998) 19 Cal.4th 142, 154.)  Courts must instruct juries on lesser included offenses where there is substantial evidence from which a jury could conclude that the lesser offense was committed and the greater offense was not.  (*People v. Cook* (2006) 39 Cal.4th 566, 596.)

On appeal we independently review the record to determine whether there is substantial evidence that could support a finding of guilt on the lesser offense.  We do not assess credibility or decide whether a jury should convict on the lesser offense.  Our concern is only whether the evidence is substantial such that a jury could reasonably choose the lesser of the offenses.  (*People v. Manriquez* (2005) 37 Cal.4th 547, 587.)

B.  Murder v. Manslaughter

Murder is the unlawful killing of a human being with malice aforethought.  (§ 187, subd. (a).)  Malice may either be express in the intention to kill or may be implied from the intentional commission of an act which is inherently dangerous to life, with conscious disregard for the consequences.  (*People v. Chun* (2009) 45 Cal.4th 1172, 1181.)

Manslaughter is the unlawful killing of a human being without malice aforethought.  (§ 192.)  The jury in this case was instructed regarding voluntary manslaughter as a lesser included offense of murder, however, the jury found Manchego guilty of second degree murder.  As we have discussed Manchego claims the court should have also instructed on involuntary manslaughter.

Involuntary manslaughter as defined in section 192, subdivision (b) is an unlawful killing without malice "in the commission of an unlawful act, not amounting to a felony; or in the commission of a lawful act which might produce death, in an unlawful manner,

4

or without due caution and circumspection." (*People v. Gutierrez* (2002) 28 Cal.4th 1083, 1145.) Manchego contends a jury could have found his acts of firing five shots at the victim in what appears to be two separate volleys did not involve either express or implied malice and thus claims he was denied due process.

## C. Analysis

Manchego does not challenge the sufficiency of the evidence in this case to support the jury's finding him guilty of second degree murder, nor does he challenge the jury's finding that he intentionally used a firearm to cause death or great bodily injury. Manchego's argument appears to center on the beating he took, the "wild manner" of shooting and the possible distance between him and the victim when the fatal shot was fired. He claims those facts could have supported involuntary manslaughter. We disagree and find there was no substantial evidence to support a finding of lack of malice.

Although Manchego was the loser in the fistfight, it is important to note the undisputed sequence of events following the fight. Manchego acknowledged to Pozos that coming back to Pozos's neighborhood to try to "kick his ass" would be crazy. However, Manchego then said, "But there's one thing, just one thing." At that point Manchego went to his car, retrieved the gun and then started shooting at Pozos. That sequence is a clear demonstration of a purpose to obtain the weapon and to shoot at the person who had defeated him in the fight. Then, when the first shots missed the target, Pozos foolishly taunted Manchego again followed by the second volley which struck and killed Pozos.

Respectfully, that is not evidence of a misdemeanor gone wrong or a lawful act done in an unlawful manner. Nor is it evidence of an act done without express or implied malice. Firing five shots at the victim at the very least demonstrated an intentional act, inherently dangerous to human life, done without regard to the consequences.

Even if we agreed there might have been some possible evidence to support a sua sponte duty to instruct on involuntary manslaughter, we find, beyond any reasonable doubt there was no prejudice.

Here the jury found malice to have been proved beyond a reasonable doubt and rejected the lesser offense of voluntary manslaughter. The jury's finding on murder and manslaughter together with the true finding on the intentional use of the firearm to inflict death or great bodily injury clearly demonstrate the jury would have also rejected involuntary manslaughter. (*People v. Gutierrez, supra*, 28 Cal.4th at p. 1145.)

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.

6